### In re ALL TERRAIN VEHICLE LITIGATION.

#### No. CV–89–3334–RSWL.

United States District Court,
C.D. California.

March 12, 1991.

---

David H. Weinstein, Robert S. Kitchenoff, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Patrick J. Grannan, Greenfield & Chimicles, Los Angeles, Cal., for plaintiff/petitioner.

Howard P. Willens, John Rounsaville, Jr., Wilmer, Cutler & Pickering, Washington, D.C., James R. Dunn, George J. Wang, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., for defendant/respondent and all defendants.

William T. Liu, Robins, Kaplan Miller & Ciresi, Newport Beach, Cal., for defendant Polaris.

## ORDER

LEW, District Judge.

Defendants in the above captioned action have moved to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs timely opposed the motion. The matter was set for oral argument on January 14, 1991 at 9:00 a.m. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to Fed.R.Civ.P. 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Defendants' motion to dismiss is GRANTED. The First Amended Consolidated Class Action Complaint is DISMISSED WITH PREJUDICE.

### I. *Background*

This is a class action brought on behalf of all current owners in the United States of three-wheel all terrain vehicles ("ATV's") manufactured or distributed by Defendants. Plaintiffs assert that through their advertising campaigns, Defendants created and cultivated the false impression that ATV's were safe for recreational use by entire families.

On February 28, 1990, Plaintiffs filed a consolidated class action complaint, alleging *inter alia,* violations of RICO, (18 U.S.C. §§ 1961, *et seq.*) violations of the

Consumer Product Safety Act (CPSA), fraud, negligent misrepresentation and breach of warranties. This is not an action for personal injury; rather, it is for economic injury Plaintiffs allegedly suffered as a result of paying more for the ATV's than they were worth.

On July 19, 1990, the Court granted Defendants' motion to dismiss the entire consolidated complaint on grounds that the complaint failed to adequately allege claims for relief under RICO and the CPSA, and exercise of pendent jurisdiction was not proper over the remaining claims, which were all based on state law.

On September 10, 1990, Plaintiff's filed an amended consolidated complaint ("the Amended Complaint"), alleging violations of RICO (Counts One through Five), violations of the CPSA (Count Six), fraud (Count Seven), misrepresentation and nondisclosure (Count Eight), negligent misrepresentation (Count Nine), breach of express warranties (Count Ten), breach of implied warranties of merchantibility (Count Eleven), breach of implied warranties of fitness for particular purpose (Count Twelve), and violation of state consumer protection statutes (Count Thirteen).

All Defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants ask that after four attempts at pleading, Plaintiffs still have failed to state a federal claim for relief.

II. *Standard: Federal Rule of Civil Procedure 12(b)(6)*

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), the trial court is required to accept as true all material factual allegations of the party opposing the motion and to view the facts presented in the pleadings in the light most favorable to the nonmovant. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir. 1983).

III. *Counts One through Five: Violations of RICO*

The Amended Complaint alleges that Defendants are liable to Plaintiffs for violations of RICO sections 1962(a), (c) and (d). The principal basis for Defendants' motion to dismiss is Defendants' contention that Plaintiffs have done nothing of substance to remedy the two fundamental deficiencies identified by the Court in their RICO counts.

To allege a RICO violation, a plaintiff must allege a pattern of racketeering activity, which is defined at 18 U.S.C. section 1961(5) as at least two acts of racketeering activity, commonly referred to as "predicate acts." Section 1961(1) of RICO defines racketeering activity as any of the crimes enumerated thereunder, including mail fraud (indictable under 18 U.S.C. section 1341), wire fraud (indictable under 18 U.S.C. section 1343) and interstate transportation of stolen property (indictable under 18 U.S.C. sections 2314 and 2315). Defendants contend the Amended Complaint fails to adequately allege that Defendants committed acts constituting mail or wire fraud or any other RICO predicate act listed in section 1961.

A. Pleading Requirements of Rule 9(b)

Defendants seek dismissal of the RICO claims on grounds that the Amended Complaint fails to plead facts constituting violations of RICO with sufficient specificity.

To allege a RICO violation under section 1962(a) or (c), a plaintiff must allege a pattern of racketeering activity, which is defined as "at least two acts of racketeering activity.... 18 U.S.C. § 1961(5). Racketeering activity is defined as any of the acts enumerated in section 1961(1), including mail fraud (indictable under 18 U.S.C. § 1341), wire fraud (indictable under 18 U.S.C. § 1343, and interstate transportation of stolen property (indictable under 18 U.S.C. §§ 2314 and 2315).

■ Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The pleading requirements of

Rule 9(b) apply to RICO actions which rely on predicate acts involving fraud. *See e.g., Moore v. Kayport Package Express,* 885 F.2d 531 (9th Cir.1989); *Schreiber Distrib. v. Serv-Well Furniture Co.,* 806 F.2d 1393 (9th Cir.1986). Because all of the predicate acts Plaintiffs seek to allege involve fraud, the pleading requirements of Rule 9(b) apply.

The Court's dismissal of the First Consolidated Complaint was based in large part upon Plaintiffs' failure to meet the requirements of Rule 9(b). The Court ruled that Plaintiffs had failed to allege the time, place or manner of the alleged misrepresentations as required by Ninth Circuit case law.

Plaintiffs now argue that the Ninth Circuit's time, place and manner allegation requirements are not applicable. Plaintiffs contend that compliance with Rule 9(b) cannot be reduced to a formula to be mechanically applied regardless of the nature of the fraud or the circumstances under which it arose. Plaintiffs further argue that the allegations in the Amended Complaint are sufficiently specific because the alleged fraud involves a course of conduct over an extended period of time and a series of transactions. Plaintiffs point to the Amended Complaint's allegations regarding the "deceptive language of particular advertisements and marketing literature of various manufacturing and distributing [D]efendants" as providing the requisite specificity.

▮ Plaintiffs' argument is without merit. As discussed below, each example of "deceptive language of particular advertisements and marketing literature" upon which Plaintiffs rely to provide the specificity required under Rule 9(b) is "mere puffery" and fails to state a claim for fraud. The remaining allegations in the Amended Complaint fail to plead fraud with the specificity required under Rule 9(b) regardless of whether time, place or manner allegations are required. The Amended Complaint alleges that Defendants, through their nationwide advertising campaigns conducted over approximately eighteen years, created and cultivated the false impression that ATV's were suitable and safe for recreational use. The allegations fail to identify the circumstances constituting fraud with sufficient specificity to enable Defendants to prepare an adequate answer. Accordingly, these allegations fail to meet the requirements of Rule 9(b). *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987); *Semegen v. Weidner,* 780 F.2d 727, 734–35 (9th Cir. 1977).

**B. Rule 9(b) as Applied to Defendant Polaris Industries L.P.**

Defendant Polaris filed a separate memorandum of points and authorities in support of Defendants' motion to dismiss. In its memorandum, Polaris contends that the Amended Complaint should be dismissed for failure to meet the pleading requirements of Rule 9(b). The Court's previous analysis regarding Rule 9(b) is equally applicable to the allegations against Polaris. Thus, the Amended Complaint is dismissed as to Polaris.

In addition, Polaris asks for sanctions pursuant to Federal Rule of Civil Procedure 11 on grounds that Plaintiffs' allegations regarding Polaris are not well grounded in fact. Because the Court is not able to determine whether Plaintiffs had a basis in fact for naming Polaris as a defendant, the Court exercises its discretion and denies Polaris' request for sanctions.

**C. "Mere Puffery"**

▮ Defendants contend the Court should dismiss the Amended Complaint, as it dismissed the First Consolidated Complaint, on grounds that Plaintiffs allegations of "fraud" are in fact allegations of nonactionable puffery. Plaintiffs contend that rather than alleging mere puffery, they have alleged that Defendants' entire marketing scheme was deceptive, including offering ATV's for sale, using the name "all terrain vehicle," and "the full panoply of advertising and promotions to which [D]efendants resorted." Opp. at 17:16–18.

The Ninth Circuit recently held that the question of whether an alleged misrepresentation is a statement of fact or mere

puffery is appropriate for determination on a Rule 12(b)(6) motion to dismiss. *Cook, Perkiss, Liehe v. Northern California Collection Service, Inc.*, 911 F.2d 242, 245 (9th Cir.1990). The Court's decision to dismiss the First Consolidated Complaint in this action was based in large part on Plaintiffs' reliance on puffery rather than statements of fact in attempting to allege Defendants engaged in acts of fraud.

Plaintiffs apparently do not dispute the contention that mere puffing is not actionable under the mail fraud, wire fraud and interstate stolen property statutes. Rather, Plaintiffs argue that the "puffing doctrine" is limited in the realm of mail fraud and that they have plead more than mere puffing. As an example, Plaintiffs state that "Defendants' exhortations that their ATV's could take riders 'up mountains, down valleys, across streams [, e]ven through swamps, if that's your idea of a good time," amounts to a false representation that ATV's were safe for use under a reasonable range of off road terrains. Opp. at 18.

Puffing has been described as making generalized or exaggerated statements such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely. *See Cook, Perkiss & Liehe*, 911 F.2d at 246. The "common theme that seems to run through the cases consider puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." *Id.* Misdescriptions of " 'specific or absolute characteristics of a product' " are not puffery. *Id.* (quoting *Smith–Victor Corp. v. Sylvania Electric Products, Inc.*, 242 F.Supp. 302, 308–309 (N.D.Ill.1965).

Defendants argue that most of the allegations in the Amended Complaint are the same as those which the Court found were nonactionable puffery in the First Consolidated Complaint. Defendants contend the few additional slogans that Plaintiffs included for the first time in the Amended Complaint are no different in substance from those that the Court rejected in the earlier motion to dismiss. Defendants cite numerous examples of advertising which courts have characterized as nonactionable puffing.

The Court agrees that the allegations in the Amended Complaint are substantively indistinguishable from those rejected by the Court in the Defendants' motion to dismiss the First Consolidated Complaint. Each specific allegation in the Amended Complaint describes general or exaggerated assertions about characteristics of Defendants' product which a reasonable consumer would not interpret as a factual claim upon which he or she could rely. For example, use of the name "all terrain vehicle" is no more fraudulent than is use of the name "all-weather tires." Other examples of puffing alleged include the Amended Complaint's allegations that ATV's were advertised as 'precisely balanced in the frame for superb handling,' 'the ultimate recreational vehicle,' and that ATV's 'will embarrass the wind.' Most of these slogans do not make representations capable of being classified as true or false. To the extent that the slogans do make affirmative representations, the representations are mere sales puffing and, therefore, are not actionable RICO mail or wire fraud. *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1252 (7th Cir.1989).

### D. Sale of the ATV's as "Fraud"

Plaintiffs contend that Defendants' "very sale of ATV's amounts to [mail or wire] fraud." Citing inapposite authority, Plaintiffs attempt to reason that sale of the ATV's amounted to fraud because knowing sale of an unsafe product can constitute violation of the wire and mail fraud statutes. In making their argument, Plaintiffs apparently attempt to assert that a breach of the UCC implied warranty of merchantibility is also a violation of the federal mail and wire fraud statutes. The Court is puzzled by Plaintiffs' logic on this point and, therefore, rejects Plaintiffs' theory that allegations concerning the sale of ATV's states a claim for violation of the federal mail or wire fraud statutes.

### E. Failure to Disclose

■ Plaintiffs contend that even if the Amended Complaint fails to state a claim

for affirmative acts of fraud, the Amended Complaint should survive because it adequately alleges deceitful concealment of material facts which may constitute the fraud that is an essential element of mail or wire fraud.

The Court agrees that under certain circumstances, deceitful concealment of material facts may constitute the fraud that is an essential element of mail or wire fraud. However, the Ninth Circuit has repeatedly held that "[a]bsent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a fraudulent scheme" under the federal mail and wire fraud statutes. *See e.g., California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir.1987); *United States v. Dowling,* 739 F.2d 1445, 1449 (9th Cir.1984), *rev'd on other grounds,* 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985).

Here, the Amended Complaint alleges no independent duty on the part of Defendants giving rise to mail and wire fraud liability for failure to disclose. Accordingly, Plaintiffs argument is rejected.

### IV. *Count Six: Consumer Product Safety Act*

In its July 19, 1990 Order, the Court dismissed Plaintiffs' claim under the CPSA for failure to state a claim upon which relief can be granted. The Amended Complaint reasserts the CPSA claim without change, solely to preserve Plaintiffs' rights on appeal. *See* Amended Complaint at ¶ 108. For the reasons set forth in the Court's July 19, 1990 Order, Count Six of the Amended Complaint fails to state a claim under the CPSA. Accordingly, Count Six is hereby dismissed.

### V. *Pendent State Claims*

Counts Seven through Thirteen are brought under state law. Jurisdiction over these claims is based on pendent jurisdiction. In view of the dismissal of the federal questions, discussed *supra*, the remaining pendent state law claims must be dismissed. *See United Mine Workers v.*

*Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

### VI. *Dismissal with Prejudice*

Defendants seek dismissal with prejudice on grounds that the Amended Complaint represents Plaintiffs' fourth failed attempt at stating a federal claim for relief. Repeated failure to cure deficiencies by previous amendments is an appropriate basis for dismissing the action with prejudice. *See e.g., Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989).

Here, Plaintiffs have failed four times to adequately plead a federal cause of action. Furthermore, the Court is persuaded that further attempts to amend would likely prove futile. Accordingly, the Amended Complaint is dismissed with prejudice.

### VII. *Conclusion*

For the aforementioned reasons, the entire Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.