978 F.2d 1265
 RICO Bus.Disp.Guide 8153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re ALL TERRAIN VEHICLE LITIGATION.
Michael REINHEIMER; Wesley Weir; Michael Schwartzberger;
Joseph Sposato; Robert Abers; Arthur Ingraham;
Sylvia Grunor; Fred Booth, Plaintiffs-Appellants,
v.
HONDA MOTOR CO. LTD., et al., Defendants-Appellees.
 No. 91-55475.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided Nov. 10, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, GEORGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs, a class of owners of three wheel all-terrain vehicles (ATVs), filed several separate suits in the Eastern District of Pennsylvania against the Specialty Vehicle Industry Association of America and several manufacturers and distributors of ATVs.[1] Plaintiffs claimed ATVs are inherently dangerous and sought compensation for their economic loss under 18 U.S.C. § 1962 (RICO); the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq.; and state statutory and common law. The court consolidated the cases and transferred the action to the Central District of California, where plaintiffs filed their Consolidated Class Action Complaint. The district court granted defendants' motion to dismiss but allowed plaintiffs to file an amended complaint. Acting on defendants' renewed motion to dismiss, the district court dismissed the amended complaint with prejudice. In re All Terrain Vehicle Litigation, 771 F.Supp. 1057 (C.D.Cal.1991).
 
 
 4
 We consider in this disposition only the dismissal of the RICO and state law claims.[2] We review the dismissal for failure to state a claim de novo, and may affirm on any ground fairly supported by the record. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We affirm the court's dismissal of these claims, but remand with instructions to modify the judgment to provide for dismissal of the pendant claims without prejudice.
 
 
 5
 I. RICO Claims.
 
 
 6
 The district court twice dismissed the RICO claims because plaintiffs failed to comply with Fed.R.Civ.P. 9(b)[3] and because defendants' alleged misrepresentations did not constitute a claim of fraud.
 
 A.
 
 7
 Plaintiffs' RICO counts allege defendants violated and conspired to violate the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 & 1343, as well as the National Stolen Property Act, 18 U.S.C. § 2314,[4] by engaging in deceptive marketing and advertising campaigns to convince potential buyers that ATVs were suitable for use by consumers, even though defendants knew ATVs are extremely dangerous and can cause serious injuries.[5] Plaintiffs alleged the defendants collectively "cultivate[d] an image of ATV's as suitable and safe for recreational use through an integrated pattern of advertisements...." Amended Complaint p 52. Plaintiffs further claimed "[t]he purpose and effect of such an integrated and concentrated mass media campaign was to create, foster, and cultivate an overall image of ATV's more powerful than could be conveyed by any single statement or advertisement." Id. p 53.
 
 
 8
 In its order dismissing the consolidated complaint, the district court stated,
 
 
 9
 the complaint describes two television commercials and three printed advertisement[s]. However, the complaint fails to identify any other alleged misrepresentations or identify the time, place or manner in which these alleged misrepresentations were communicated to plaintiffs over the approximately 18 year period at issue.
 
 
 10
 Order of July 19, 1990 at 5. In the amended complaint, plaintiffs deleted references to two advertisements, added references to at least three others, and added a fifth RICO count based on the same allegations. Plaintiffs made no other material changes.
 
 
 11
 Plaintiffs' allegations do not satisfy Rule 9(b). When fraud is alleged, "the absence of specification of any times, dates, places or other details of that alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b)." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985); see also Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir.1973); 5 Wright & Miller, Federal Practice and Procedure § 1297, at 590-614 (2d ed. 1990). We have not relaxed this standard for RICO claims that rest upon allegations of fraud. See, e.g., Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.1991); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) ("the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").[6]
 
 
 12
 Instead of attempting to comply with the district court's order requiring greater specificity, plaintiffs elected to resubmit their complaint with only minor changes. Plaintiffs might have met the requirements of Rule 9(b) by alleging, for example, such specifics as the contents of the misrepresentations, the dates when they were made, the medium in which they appeared, the extent and frequency of circulation among consumers, the role of each defendant, and the circumstances that led the named plaintiffs to purchase ATVs as specific representative examples of the alleged fraud. Instead, the Amended Complaint failed to provide any details of the alleged fraud or of the relationship between the advertising campaigns and the purchase of any ATVs. In essence, the complaint charged that defendants ran a handful of advertisements that contained misleading statements over at least an eight year period, and that many people purchased the product described in those advertisements. "[M]ere conclusory allegations of fraud are insufficient." Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir.1989).[7]
 
 
 13
 Plaintiffs argue they put the defendants on notice of the conduct constituting the alleged fraud and thus satisfied the underlying requirements of Rule 9(b) because the defendants had greater access to specific information about the alleged fraud and because plaintiffs alleged that every sale of ATVs and every use of the term ATV was fraudulent. The complaint contains only imprecise and vague assertions regarding defendants' role in an "integrated and concerted mass media campaign" without discernible boundaries. In a case involving the acts of eleven corporations and a trade association over a period of at least eight years, a handful of examples combined with allegations that every sale and every use of the term ATV was fraudulent did not provide defendants with sufficient information about their allegedly fraudulent marketing campaigns to permit defendants to answer the charges.
 
 
 14
 Plaintiffs argue Rule 9(b) does not require specific allegations in complex cases. See Wright & Miller § 1298, at 647. Assuming a relaxed standard might be appropriate in some cases, plaintiffs have failed to demonstrate its necessity in this case. Plaintiffs were afforded the opportunity to provide more specific information or demonstrate why they were unable to do so, and failed to do either. Moreover, in a class action involving the conduct of multiple defendants over several years, we are not persuaded plaintiffs' conclusory allegations would satisfy a "relaxed" standard.[8]
 
 
 15
 Finally, plaintiffs assert that Fed.R.Civ.P. 8(a), which requires a "short and plain statement" of the claim, and Fed.R.Civ.P. 8(e)(1), which provides that pleadings must be "simple, concise, and direct," demand a relaxed standard of pleading in complex fraud cases. Plaintiffs refer to our observation in Carrigan v. California State Legis., 263 F.2d 560, 565 (9th Cir.1959), that "[w]hen fraud is alleged, it must be particularized as Rule 9(b) requires, but it still must be as short, plain, simple, concise, and direct, as is reasonable under the circumstances...." We adhere to Carrigan. Under the circumstances of this case, the complaint could and should have contained more specific allegations plainly and concisely put.
 
 
 16
 The district court properly dismissed the deceptive advertising claims after plaintiffs failed to correct the defects in the previous complaint. See Kayport Package Express, 885 F.2d at 538 ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."); Schmidt v. Herrmann, 614 F.2d 1221, 1223-24 (9th Cir.1980) (failure of amended complaint to comply with Rule 9(b) warrants dismissal).[9]
 
 B.
 
 17
 Plaintiffs alleged that "[b]y manufacturing and offering ATV's for sale, the defendants ... inherently represented to the consuming public that ATV's are safe and suitable for use by consumers generally," Amended Complaint p 35, even though ATVs "were not safe for recreational use," id. p 40, and despite defendants' knowledge that ATVs are "dangerous and unsuitable for off road, recreational use." Id. p 41.
 
 
 18
 Manufacturing and offering a product for sale with knowledge of a defect is not a fraudulent misrepresentation; at best, it is a failure to disclose. A fraudulent concealment claim must rest upon an independent fiduciary or statutory duty to disclose owed to the party seeking relief. See California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir.1987); United States v. Dowling, 739 F.2d 1445, 1450 (9th Cir.1984) ("nondisclosures [may] form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached"), rev'd on other grounds, 473 U.S. 207 (1985). Plaintiffs have not alleged the violation of any statutory or fiduciary duty owed them by plaintiffs;[10] violation of a general common law duty to disclose may give rise to liability at common law, but will not support a claim of criminal mail or wire fraud.[11]
 
 C.
 
 19
 Plaintiffs' RICO claims also included the allegation that "[b]y choosing to call their vehicles 'all terrain vehicles,' defendants ... expressly misrepresented that ATV's are safe and suitable to be driven by consumers for use ... on all terrains." Amended Complaint p 36. If this allegation had been accompanied by allegations of other specific false representations, arguably plaintiffs might have stated a claim of fraud. See Lustiger v. United States, 386 F.2d 132, 137 (9th Cir.1967). But standing alone, use of the term "all terrain vehicle" is puffery and not a representation that the product will be perfectly safe at any speed on any terrain in any weather. "All terrain vehicle" is a "vague" and "general" description of a product, and "does not contain the kind of detailed or specific factual assertions that are necessary" to state a claim. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., 911 F.2d 242, 246 (9th Cir.1990) (discussing puffing under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); see also Lustiger, 386 F.2d at 138 (puffing is not indictable mail fraud).
 
 
 20
 II. State Law Claims.
 
 
 21
 The district court did not reach the merits of the pendant state claims. Instead, the court dismissed these claims "[i]n view of the dismissal of the federal questions." 771 F.Supp. at 1062. The court then dismissed the entire Amended Complaint with prejudice. Id. Defendants concede the pendant state claims "should have been dismissed without prejudice when the federal claims were dismissed." Brandwein v. Cal. Bd. of Osteopathic Examiners, 708 F.2d 1466, 1475 (9th Cir.1983); see also Nat'l Basketball Ass'n v. SDC Basketball Club, Inc., 815 F.2d 562, 569 (9th Cir.1987) ("these pendant state claims were dismissed as a result of the dismissal of the federal claims.... The better practice would have been to dismiss without prejudice.") (citations omitted). We affirm the dismissal of these claims, but remand with instructions to modify the judgment to provide for dismissal of the pendant claims without prejudice.
 
 
 22
 AFFIRMED AND REMANDED with instructions. Each side will bear its own costs on appeal.
 
 
 
 *
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The manufacturer and distributor defendants are Polaris Industries, L.P.; Honda Motor Co., Ltd.; Honda Research & Development Co., Ltd; American Honda Motor Co., Inc.; Yamaha Motor Co., Ltd.; Yamaha Motor Corp., U.S.A.; Kawasaki Heavy Industries, Ltd.; Kawasaki Motor Manufacturing Corp., U.S.A.; Kawasaki Motors Corp., U.S.A.; Suzuki Motor Co., Ltd.; and U.S. Suzuki Motor Corp
 
 
 [2]
 Plaintiffs also appeal the district court's dismissal of the Consumer Product Safety Act claim. We affirm the dismissal of this claim in a separate published opinion
 Plaintiffs do not appeal the dismissal of their claims against Polaris Industries, L.P.
 
 
 [3]
 Fed.R.Civ.P. 9(b) provides,
 In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
 
 
 [4]
 18 U.S.C. § 2314 penalizes the transportation of property with fraudulent intent or as part of a scheme to defraud. Because plaintiffs' RICO allegations all rest on their ability to state a claim of fraud, our discussion of Rule 9(b) and the mail and wire fraud statutes also applies to 18 U.S.C. § 2314
 
 
 [5]
 Defendant Honda first offered ATVs for sale in the United States in 1970. Amended Complaint p 37. Plaintiffs allege the marketing campaign did not begin in earnest until early 1980 and lasted through 1987. Id. pp 38, 42
 
 
 [6]
 These requirements may be relaxed in suits against corporations where a plaintiff does not know which individual in the corporation is responsible for the acts of the entity. Even in such cases, however, the plaintiff must plead the allegedly fraudulent acts. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989)
 
 
 [7]
 Plaintiffs' allegation that defendants formed the Specialty Vehicle Industry Association (SVIA) "to represent to the public, to legislators, and to governmental regulators that ATV's are safe vehicles," Amended Complaint p 43, also fails to satisfy Rule 9(b). Plaintiffs have not alleged the time, place, or nature of any specific misrepresentations or fraudulent conduct by SVIA. Similarly, plaintiffs' conclusory claim that "[s]ome or all of the defendants have affirmatively sought, in connection with both governmental regulatory proceedings and products liability litigation, to prevent public disclosure of information," Amended Complaint p 78, includes no specific factual allegations. Plaintiffs' "bare allegation of 'fraudulent concealment' is but a conclusion of law which falls far short of the particularity of statement required by Rule 9(b)." Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., 185 F.2d 196, 209 (9th Cir.1950)
 
 
 [8]
 In the only appellate case cited by plaintiffs as having applied a "relaxed" standard under Rule 9(b), the plaintiffs attached detailed exhibits to their complaint listing the specific representations or transactions alleged to be fraudulent. See Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir.1984)
 
 
 [9]
 Because we affirm the district court's dismissal for failure to satisfy Rule 9(b), we do not decide whether the alleged misrepresentations would state a claim of mail or wire fraud if sufficiently pled
 
 
 [10]
 Plaintiffs have alleged defendants violated their statutory duty under the Consumer Product Safety Act to disclose the hazardous nature of ATVs to the Consumer Product Safety Commission. See 15 U.S.C. 2064(b)(2). However, defendants had no duty to disclose the same information to plaintiffs. See In re All Terrain Vehicle Litigation, --- F.2d ----, ---- (9th Cir.1992)
 
 
 [11]
 Thirty years ago, this court declined to base its decision in a common law fraud case upon "a trend of authority" towards a general duty to disclose "whenever it is required in the interests of fair dealing." A.B.C. Packard, Inc. v. Gen. Motors Corp., 275 F.2d 63, 69 (9th Cir.1960). Assuming such a trend now exists for civil liability, see Prosser and Keeton on Torts § 106, at 739 (5th ed. 1984) (asserting an "amorphous tendency" towards a general duty to disclose), we are aware of no authority for basing a criminal violation of the mail or wire fraud statutes upon the violation of a general common law duty to disclose