979 F.2d 755
 In re ALL TERRAIN VEHICLE LITIGATION.
Michael REINHEIMER; Wesley Weir; Michael Schwartzberger;
Joseph Sposato; Robert Abers; Arthur Ingraham;
Sylvia Grunor; Fred Booth, Plaintiffs-Appellants,
v.
HONDA MOTOR CO. LTD., et al., Defendants-Appellees.
 No. 91-55475.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided Nov. 10, 1992.
 
 David H. Weinstein, Kohn, Savett, Klein & Graf, Philadelphia, Pa., for plaintiffs-appellants.
 Howard P. Willens, Wilmer, Cutler & Pickering, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: BROWNING and FARRIS, Circuit Judges, GEORGE,* District Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs, a class of owners of three wheel all-terrain vehicles (ATVs), filed several separate suits in the Eastern District of Pennsylvania against the Specialty Vehicle Industry Association of America and several manufacturers and distributors of ATVs.[1] Plaintiffs claimed ATVs are inherently dangerous and sought compensation for their economic loss under 18 U.S.C. § 1962 (RICO); the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq.; and state statutory and common law. The court consolidated the cases and transferred the action to the Central District of California, where plaintiffs filed their Consolidated Class Action Complaint. The district court granted defendants' motion to dismiss but allowed plaintiffs to file an amended complaint. Acting on defendants' renewed motion to dismiss, the district court dismissed the amended complaint with prejudice. In re All Terrain Vehicle Litigation, 771 F.Supp. 1057 (C.D.Cal.1991).
 
 
 2
 We consider in this opinion only the dismissal of the Consumer Product Safety Act ("the Act") claim.[2] We review the dismissal for failure to state a claim de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989).
 
 
 3
 Plaintiffs claim defendants violated 15 U.S.C. § 2064(b)(2) by failing to inform the Consumer Product Safety Commission that ATVs posed a substantial risk of injury to consumers.[3] The district court held the Act allows private actions to enforce consumer product safety rules and orders promulgated by the Commission, but allows no private actions directly under the statute. Because plaintiffs did not plead the violation of any rule or order, the court dismissed the claim. Plaintiffs restated the identical claim in the amended complaint "to preserve and not waive ... whatever rights they may have to review of [the district court's] determination." Amended Complaint p 108. The district court again dismissed the claim.
 
 
 4
 The Act does not provide an express private right of action for violation of the provisions of the Act itself, as distinguished from rules or orders issued by the Commission. To determine whether plaintiffs have an implied right of action, "our focus must be on the intent of Congress when it enacted the statute in question." Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 536, 104 S.Ct. 831, 838, 78 L.Ed.2d 645 (1984). Four factors guide our inquiry:the legislative history and purposes of the statute, the identity of the class for whose particular benefit the statute was passed, the existence of express statutory remedies adequate to serve the legislative purpose, and the traditional role of the States in affording the relief claimed.
 
 
 5
 Id.
 
 
 6
 The broad purpose of the Act is to protect the public from unreasonable risks created by consumer products. See 15 U.S.C. § 2051(b). Implying a direct private right of action for violations of the Act itself, as well as for violations of the rules and orders issued by the Commission, might be consistent with the purposes of the statute and might add a measure of additional protection for the persons the statute was intended to benefit, but is not essential to either.[4] However, the third and fourth factors weigh strongly against plaintiffs' claim. The Act explicitly provides private remedies for violations of "a consumer product safety rule, or any other rule or order issued by the Commission," 15 U.S.C. § 2072(a),[5] and also provides that "[c]ompliance with consumer product safety rules or other rules or orders ... shall not relieve any person from liability at common law or under State statutory law to any other person." 15 U.S.C. § 2074(a). Thus the Act provides a federal remedy and affirms the "traditional role of the States" in providing remedies for dangerous products.
 
 
 7
 The existence of an "express statutory remedy," the affirmation of traditional state law remedies, and Congress' silence as to whether consumers may sue directly under the statute indicate Congress did not intend to create a private right of action for violations of the Act itself. We therefore join the other circuits that have rejected implied private rights of action under the Act. See Benitez-Allende v. Alcan Aluminio do Brasil, S.A., 857 F.2d 26, 35 (1st Cir.1988); Drake v. Honeywell, Inc., 797 F.2d 603, 606 (8th Cir.1986); see also Zepik v. Tidewater Midwest, Inc., 856 F.2d 936, 941 (7th Cir.1988) (agreeing "with the result in Drake and much of its reasoning").
 
 
 8
 Plaintiffs assert that, "fairly read," the complaint alleged a violation of the Commission's rules as well as of the statute. Plaintiffs did not mention any Commission rule or order in either the consolidated or amended complaint, despite the fact that they cited the rules in briefs filed with the district court prior to the date of the amended complaint. Instead, plaintiffs claimed authority "to bring a private action for enforcement [of the Act] pursuant to 15 U.S.C. § 2073." Amended Complaint p 110. It is obvious from the face of the statute that an effort to proceed under the Act does not necessarily include a claim under the rules and orders of the Commission as well. The district court gave plaintiffs an opportunity to amend their complaint to allege a violation of the rules and orders; plaintiffs chose to retain their original pleading. Although plaintiffs now request leave to amend their complaint to plead a violation of Commission rules, they must accept the consequences of their earlier decision. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("repeated failure to cure deficiencies by amendments previously allowed" is grounds for dismissal with prejudice); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990) (court may dismiss deficient amended complaint with prejudice rather than allow further amendments).
 
 
 9
 We affirm the district court's dismissal of plaintiffs' claim under the Consumer Product Safety Act.[6] Each side will bear its own costs on appeal.
 
 
 
 *
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 The manufacturer and distributor defendants are Polaris Industries, L.P.; Honda Motor Co., Ltd.; Honda Research & Development Co., Ltd.; American Honda Motor Co., Inc.; Yamaha Motor Co., Ltd.; Yamaha Motor Corp., U.S.A.; Kawasaki Heavy Industries, Ltd.; Kawasaki Motor Manufacturing Corp., U.S.A.; Kawasaki Motors Corp., U.S.A.; Suzuki Motor Co., Ltd.; and U.S. Suzuki Motor Corp
 
 
 [2]
 Plaintiffs also appeal the dismissal of the RICO claims and pendent state claims. We affirm the dismissal of these claims in a separate unpublished disposition, but remand with instructions to modify the judgment to provide for dismissal of the pendent claims without prejudice
 Plaintiffs do not appeal the dismissal of their claims against Polaris Industries, L.P.
 
 
 [3]
 15 U.S.C. § 2064(b)(2) provides,
 Every manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product ... contains a defect which could create a substantial product hazard ... shall immediately inform the Commission of such failure to comply, of such defect, or of such risk, unless such manufacturer, distributor, or retailor has actual knowledge that the Commission has been adequately informed of such defect, failure to comply, or such risk.
 
 
 [4]
 The legislative history of the Act does not address the issue of implied rights of action; nor does it indicate that private actions for violations of Commission rules and orders will be insufficient to fulfill the purposes of the Act or protect the public from unreasonable risks posed by consumer products
 
 
 [5]
 Section 2072(a) provides:
 Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent....
 
 
 [6]
 Because we hold that no direct right of action exists under the Act and plaintiffs failed to plead a violation of any Commission rule or order, we do not decide whether a right of action exists for violation of the Commission's reporting rules, or whether the Act and its accompanying rules and orders allow recovery of economic loss as well as damages for personal injuries