21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent E. MORRIS, Plaintiff-Appellant,
v.
David RITTER; Brent Kolvet; James Bauder; Caesar's Tahoe
Casino Corp., Defendants-Appellees.
 No. 92-15696.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.
Filed Dec. 31, 1992.
Withdrawn March 31, 1994.
Decided March 31, 1994.
 
 ORDER
 Before: TANG, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 The Memorandum disposition filed December 31, 1992, is withdrawn. The amended Memorandum disposition is ordered filed in its place.
 
 
 2
 The Appellant's Petition for Rehearing is denied.
 
 
 3
 MEMORANDUM**
 
 
 4
 Brent Morris filed the instant civil rights action against a gambling casino, a casino employee, a state criminal investigator, and a prosecuting attorney, alleging that he had been defamed and his due process rights had been violated as the result of his having been falsely arrested, falsely imprisoned, and maliciously prosecuted for cheating at gambling, all in violation of 42 U.S.C. Secs. 1983, 1985(3), and 1986. The district court dismissed the action under Fed.R.Civ.P. 12(b)(6), holding that the prosecutor was entitled to immunity and the claims against the remaining defendants were untimely. We review the district court's ruling de novo, see Reinheimer v. Honda Motor Co., Ltd. (In re All Terrain Vehicle Litigation), 979 F.2d 755, 756 (9th Cir.1992) (per curiam), and we affirm in part and reverse and remand in part.
 
 
 5
 * Defamation and Due Process Claims
 
 
 6
 Claims asserted under 42 U.S.C. Sec. 1986 must be filed "within one year after the cause of action has accrued." Id. The relevant limitations period under Nevada law for claims asserted under U.S.C. Secs. 1983 and 1985(3) is two years. Nev.Rev.Stat. Sec. 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (per curiam) (section 1983), cert. denied, 493 U.S. 860 (1989); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991) (section 1985(3) limitations period same as for section 1983 actions; construing California law). The same two-year limitations period applies to actions for defamation. Nev.Rev.Stat. Sec. 11.190(4)(c).
 
 
 7
 It is undisputed that Morris' defamation and due process claims arise from incidents occurring between September 1987, when defendant Bauder was called in to investigate the casino's claim that Morris had past posted several bets at the casino's craps table, and August 1988, when Morris was arrested and formally charged. It is also undisputed that Morris did not file the instant action until May 1991, nearly three years after the last of the acts complained of had taken place. Because Morris was aware of the above no later than August 1988, his argument that his defamation and due process claims did not accrue until January 1990, when a lawyer allegedly told him that he could file a civil rights action based on the defendants' actions, is without merit. We therefore affirm the district court's dismissal of Morris's defamation and due process claims.
 
 II
 Malicious Prosecution Claim
 
 8
 The district court dismissed Morris's malicious prosecution claim as barred by the 2-year limitations period applicable to section 1983 actions. The record, however, does not support dismissal of the claim on this ground.
 
 
 9
 While the statute of limitations period for section 1983 actions is determined by state law, federal law determines when a cause of action accrues. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). "A malicious prosecution cause of action does not accrue until the case has been terminated in favor of the accused." Id.; see Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983).
 
 
 10
 On August 28, 1988, Morris was charged in a criminal information with four counts of cheating at gambling and one count of attempted cheating at gambling. On August 23, 1989, a jury found Morris not guilty of the one count attempt charge. Morris filed his complaint on May 3, 1991.[1] Because Morris's malicious prosecution claim did not accrue until the jury found in his favor on the attempt charge on August 23, 1989, his claim, filed within two years of that date, was timely. See Cline, 661 F.2d at 110. Accordingly, we reverse and remand the district court's dismissal of Morris's malicious prosecution claim for further proceedings on that claim.
 
 III
 Denial of Access Claim
 
 11
 Morris argues that his right of access to the courts was denied when the district court (1) failed to permit him to take depositions during the pendency of the defendants' motions to dismiss, and (2) denied his request for appointed counsel. With respect to the first contention we note that Morris, as an inmate, neither made any showing that he could have proceeded with any noticed depositions, nor did he seek leave of court to take depositions by other than stenographic means. See Fed.R.Civ.P. 30(a), (b)(4). As for Morris' second argument, on this record we find no abuse of discretion in the district court's decision to deny appointment of counsel under 28 U.S.C. Sec. 1915(d). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 12
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Morris's May 3, 1991 complaint did not contain a malicious prosecution claim, his September 4, 1991 amended complaint contained the claim. Under Fed.R.Civ.P. 15(c), the claim relates back to May 3, 1991